In re Interest of Sabrina K., a child under 18 years of age.
State of Nebraska, appellee, v. Jack K. and Mary K.,
guardians, appellees, and Charles H., appellant.
635 N.W.2d 727

Filed November 30, 2001.    No. S-01-012.

Pamela Lynn Hopkins for appellant.

Joe Stecher, Dodge County Attorney, and Cynthia Schuele for appellee State of Nebraska.

Adam J. Sipple, of Johnson & Mock, for appellees Jack K. and Mary K.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The main issue presented is whether the juvenile court can acquire jurisdiction over a juvenile under Neb. Rev. Stat. § 43-247(3) (Reissue 1998) when the county court has previously appointed a guardian for the juvenile, under Neb. Rev. Stat. § 30-2608 (Reissue 1995).

The county court, sitting as a juvenile court, determined that Sabrina K., the natural child of the appellant, Charles H., was an abused or neglected minor as defined by § 43-247(3)(a). Charles objected to the juvenile court's jurisdiction. He claimed that the county court had previously appointed permanent guardians for Sabrina under § 30-2608 before the juvenile petition was filed and, thus, the county court, not the juvenile court, had jurisdiction. The juvenile court overruled the objection, found that there was a sufficient factual basis for the adjudication, and continued temporary custody with the Nebraska Department of Health and Human Services (DHHS) until further hearing. Charles appeals.

We hold that § 43-247(3) permits a juvenile court to acquire exclusive jurisdiction over a minor whose guardians were previously appointed by the county court and that the juvenile court correctly found a sufficient factual basis for the adjudication. We affirm.

## BACKGROUND

In July 1996, the county court appointed Jack K. and Mary K., Sabrina's maternal grandparents, as her permanent guardians. In October 2000, the State filed a juvenile petition in the county court, sitting as a juvenile court, alleging that Sabrina was a minor as defined in § 43-247(3)(a). The petition alleged that Jack had whipped Sabrina with a car antenna, causing her to have red welts on her buttocks. The court ordered emergency temporary custody of Sabrina with DHHS, and an adjudication hearing was set for November 1.

After the juvenile petition was filed, Charles filed a motion in county court to terminate Jack and Mary's guardianship. Charles also filed a motion for an emergency ex parte order to terminate the guardianship and an amended motion in county court for an order finding that (1) Jack and Mary's guardianship of Sabrina should be terminated, (2) the county court had jurisdiction, and (3) Sabrina should be returned to Charles' custody. The county court did not rule on either motion.

At the adjudication hearing, Charles filed an objection to the juvenile court's subject-matter jurisdiction of Sabrina. The court noted Charles' jurisdictional objection and his motion to terminate the guardianship in county court. The court, however, declined to consider the jurisdictional question until an evidentiary hearing could be held on the issue and continued the adjudication hearing. The court ordered that emergency custody remain with DHHS until that time.

At the adjudication hearing, Charles asked the juvenile court to take judicial notice of the county court's guardianship file. Without objection, the court took judicial notice. The guardianship file showed the following facts leading to the 1996 guardianship appointment.

Sabrina was born in 1988 to Tammy K. and Charles, who were living together but were not married. Both parents allegedly suffered from alcoholism. Before Sabrina was born, Charles was arrested for felonious assault and received treatment for alcoholism at the Hastings Regional Center. When Sabrina was 6 months old, Charles violated his probation and served 15 months of an 18-month to 3-year sentence.

In 1996, Charles filed a petition requesting that he be appointed Sabrina's temporary guardian. He alleged that Tammy was an alcoholic who was constantly involved in abusive relationships, creating an emergency situation for Sabrina. Charles was appointed temporary guardian, but Tammy filed an objection to his appointment and nominated her parents, Jack and Mary, as guardians. After a hearing, the county court removed Charles and appointed Jack and Mary as temporary guardians for Sabrina. Charles then nominated himself as permanent guardian, and Jack and Mary nominated themselves. The county court appointed Jack and Mary as Sabrina's permanent guardians and gave Charles and Tammy visitation rights.

After taking judicial notice of the guardianship file, the court overruled Charles' objection to subject-matter jurisdiction. The court ruled that it acquired jurisdiction when the State filed a juvenile petition on behalf of a child even though a preexisting guardianship was in place. During the hearing, Jack admitted the allegations in the juvenile petition and the guardian ad litem admitted the allegations on behalf of Sabrina. Based upon these admissions, the court found that it had jurisdiction and that Sabrina was a juvenile as described by § 43-247(3)(a). The court ordered a home study for four potential placements, which included Charles.

## ASSIGNMENTS OF ERROR

Charles assigns that the county court, sitting as juvenile court, erred in (1) failing to find that the county court had exclusive original jurisdiction in all matters relating to the care, custody, and control of Sabrina and overruling his objections to juvenile court jurisdiction and (2) finding that the facts presented were a sufficient factual basis for adjudication under § 43-247(3)(a).

## STANDARD OF REVIEW

■ Juvenile cases are reviewed de novo on the record, and the appellate court is required to reach a conclusion independent of the trial court's findings; however, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over another. *In re Interest of Kiana T., ante* p. 60, 628 N.W.2d 242 (2001).

█ A jurisdictional question which does not involve a factual dispute is a matter of law. *In re Interest of Artharena D.*, 253 Neb. 613, 571 N.W.2d 608 (1997). Statutory interpretation presents a question of law. *Hunt v. Trackwell, ante* p. 688, 635 N.W.2d 106 (2001].

## ANALYSIS

### JUVENILE COURT'S JURISDICTION

Charles contends that the juvenile court did not acquire jurisdiction over Sabrina. He argues that under Neb. Rev. Stat. § 24-517(2) (Cum. Supp. 2000), the county court retains exclusive original jurisdiction over a guardianship appointment if the appointment is made before the State files a juvenile petition under § 43-247. The State contends that the county court's jurisdiction must yield to the juvenile court's exclusive jurisdiction once a juvenile petition is filed and an adjudication takes place.

█ When reviewing questions of law, an appellate court has an obligation to resolve the question independently of the conclusion reached by the trial court. *Home Pride Foods v. Johnson, ante* p. 701, 634 N.W.2d 774 (2001).

Section 24-517(2) provides that a county court shall have "[e]xclusive original jurisdiction in all matters relating to the guardianship of a person, except if a separate juvenile court already has jurisdiction over a child in need of a guardian, concurrent original jurisdiction with the separate juvenile court in such guardianship[.]"

Section 43-247(3)(a), however, gives a juvenile court exclusive, original jurisdiction over "[a]ny juvenile . . . who lacks proper parental care by reason of the fault or habits of his or her parent, *guardian*, or custodian . . . ." That jurisdiction continues "until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction." § 43-247. Further, when a juvenile court adjudicates a minor under § 43-247(3), it also obtains exclusive jurisdiction over the "parent, guardian, or custodian who has custody of any juvenile described in this section." § 43-247(5).

Although there is an apparent conflict between these jurisdictional provisions, we have recently held that a county court may

not acquire jurisdiction for a guardianship appointment under the probate code when the court, sitting as a juvenile court, has previously adjudicated a minor under § 43-247(3). See *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000). Applying established principles of statutory construction, we conclude that this rule also applies to cases where the juvenile court finds a sufficient factual basis for the adjudication of a minor in a previously established guardianship under chapter 30 of the Nebraska Revised Statutes.

In construing a statute, a court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *Keller v. Tavarone, ante* p. 2, 628 N.W.2d 222 (2001). If we were to hold that the juvenile court could not exercise jurisdiction when a guardianship is already in place under chapter 30, it would be contrary to the plain language of § 43-247. A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *Hatcher v. Bellevue Vol. Fire Dept., ante* p. 23, 628 N.W.2d 685 (2001).

Subsection 43-247(3)(a) sets out the circumstances of neglect or abuse under which a juvenile court shall have exclusive jurisdiction of any minor under the age of 16. There is no distinction made between a parent and guardian in this paragraph. Any circumstance which would permit a juvenile court to take jurisdiction over a juvenile in his or her parent's custody would also permit the court to take jurisdiction when the juvenile has a guardian. In total, the Legislature refers to a "parent, guardian, or custodian" five separate times in subsection (3)(a). Thus, we agree with the juvenile court that the statute clearly anticipates a juvenile court's obtaining exclusive jurisdiction of a minor ward in a previously established guardianship.

Furthermore, we have held that "[t]o the extent that there is conflict between two statutes on the same subject, the specific statute controls over the general statute." *Bergan Mercy Health Sys. v. Haven*, 260 Neb. 846, 860, 620 N.W.2d 339, 350 (2000). In this case, the exclusive, original jurisdiction conferred upon a

juvenile court under § 43-247(3)(a) is specific to circumstances where the State alleges a child in a guardianship has been abused or neglected, whereas the county court has jurisdiction over guardianships generally.

But Charles relies on two Nebraska Court of Appeals opinions to argue that a guardian cannot be subject to the simultaneous jurisdiction of the county court and juvenile court: *In re Guardianship of Alice D. et al.*, 4 Neb. App. 726, 732, 548 N.W.2d 18, 22 (1996) (holding that "when a minor has been adjudicated a juvenile as defined under § 42-247(3) and the juvenile court retains jurisdiction, a probate court cannot appoint a guardian of that juvenile without the consent of the juvenile court"), and *In re Interest of Justin C. et al.*, 7 Neb. App. 251, 581 N.W.2d 437 (1998) (extended holding in *In re Guardianship of Alice D. et al., supra*, to cases where county court judge presided over both juvenile adjudication and subsequent appointment of guardians under probate code). See, also, *In re Guardianship of Rebecca B. et al., supra*. The concern in those cases about simultaneous jurisdiction over a guardian in two separate courts, however, is not present when an adjudication takes place after a guardianship appointment.

█ Unlike a guardianship proceeding under chapter 30, an adjudication under the Nebraska Juvenile Code brings all the parties under the juvenile court's exclusive jurisdiction. See § 43-247(3) and (5). In addition, § 43-247(3) requires the juvenile court to maintain exclusive and continuing jurisdiction over a minor until the child reaches the age of majority or the court discharges the individual. This continuing jurisdiction creates a conflict if the county court attempts to obtain jurisdiction for a guardianship after an adjudication in juvenile court. But chapter 30 does not contain a counter statutory mandate that requires it to maintain exclusive jurisdiction. There is no merit to Charles' argument.

█ We determine that a county court's jurisdiction over a previously established guardianship must yield to the juvenile court's exclusive jurisdiction over a minor and his or her guardian if the juvenile court determines that there is a sufficient factual basis for an adjudication under § 43-247.

JUVENILE COURT'S ADJUDICATION UNDER § 43-247(3)(a)

Charles also contends that the juvenile court lacked a sufficient basis for an adjudication under § 43-247(3)(a) because the allegations in the juvenile petition were directed against Jack and that there was no showing that Charles was unfit or unable to exercise appropriate parental control.

The purpose of the adjudication phase is to protect the interests of the child. The parents' rights are determined at the dispositional phase, not at the adjudication phase. *In re Interest of Kantril P. & Chenelle P.*, 257 Neb. 450, 598 N.W.2d 729 (1999). To obtain jurisdiction over a juvenile, the court's only concern is whether the conditions in which the juvenile presently finds himself or herself fit within the asserted subsection of § 43-247. *In re Interest of Kantril P. & Chenelle P., supra.* " '[W]hether the [noncustodial] father was fit or unfit to have custody did not arise and should not have arisen until the dispositional phase.' " *Id.* at 458, 598 N.W.2d at 736.

Charles asked the juvenile court to take judicial notice of the county court's guardianship appointment, and the court complied. Thus, the evidence showed that Charles had previously lost custody of Sabrina and that he played no role in Sabrina's living conditions at the time she was taken into custody. The only question before the court was whether Sabrina—in her present living situation with Jack and Mary—lacked proper parental care by reason of the fault or habits of her guardians. See, *id.*; § 43-247(3)(a). The allegations in the petition were admitted by both Jack and Mary and Sabrina's guardian ad litem. Based upon these admissions, the court found that Sabrina was a juvenile as described in § 43-247(3)(a). We conclude under our de novo review that the juvenile court was correct in finding a sufficient factual basis for the adjudication. See *In re Interest of Amber G.*, 250 Neb. 973, 554 N.W.2d 142 (1996) (concluding that juvenile court properly took jurisdiction where mother admitted to allegations in petition).

## CONCLUSION

The county court, sitting as a juvenile court, correctly determined that Sabrina was a minor within its jurisdiction because § 43-247(3)(a) allows a juvenile court to obtain exclusive

jurisdiction over a minor and his or her guardian when the county court has previously appointed a guardian under the probate code. Also, the court correctly found a sufficient factual basis for the adjudication.

AFFIRMED.

MCCORMACK, J., participating on briefs.