REQUESTED BY: Abbie Cornett, Senator
Nebraska State Legislature
You have requested our opinion whether joint manipulation is within the scope of practice for physical therapists under current Nebraska law. You have informed us that there is some confusion on this issue and that you are considering introducing legislation which would clarify that joint manipulation is not within the scope of practice of physical therapists. Further, your request letter states that it is your understanding that "joint manipulation is a separate and distinct procedure from `mobilization,' in that manipulation commences where mobilization ends and carries the joint beyond the normal physiological range of motion, producing a joint cavitation." For the reasons set forth below, it is our view that legislative action is not necessary to the extent your inquiry concerns physical therapists' authority to perform any procedure which carries a joint beyond its normal range of motion.
Applicable Law
In the current Physical Therapy Practice Act, the term "physical therapy" is defined to include:
 Alleviating impairment, functional limitation, or disabilities by designing, implementing, or modifying therapeutic interventions which may include any of the following: Therapeutic exercise; functional training in home, community, or work integration or reintegration related to physical movement and mobility; therapeutic massage; mobilization or manual therapy; recommendation, application, and fabrication of assistive, adaptive, protective, and supportive devices and equipment; airway clearance techniques; integumentary protection techniques; nonsurgical debridement and wound care; physical agents or modalities; mechanical and electrotherapeutic modalities; and patient-related instruction; but which does not include the making of a medical diagnosis.
Neb. Rev. Stat. § 38-2914(2) (Supp. 2007) (emphasis added).
The term "mobilization or manual therapy" is defined within the Act as follows:
 Mobilization or manual therapy means a group of techniques comprising a continuum of skilled passive movements to the joints or related soft tissues, or both, throughout the normal physiological range of motion that are applied at varying speeds and amplitudes, without limitation.
Neb. Rev. Stat. § 38-2910 (Supp. 2007).
Analysis
The terms "manipulation" and "joint manipulation" are not defined or mentioned in the Physical Therapy Practice Act or elsewhere in Nebraska statutes. It is our understanding that there are differing views as to the meaning of these terms. The medical literature which we have reviewed is less than conclusive as to whether the term "manipulation" includes only movement of a joint beyond its normal physiological range of motion or whether it also might include movement of a joint within its normal physiological range of motion. Physical therapy textbooks and other resources appear to sometimes define manipulation as equivalent to mobilization and at other times discuss manipulation and mobilization as two different procedures.
It is clear, however, under current Nebraska statutes that, pursuant to Neb. Rev. Stat. § 38 2910, physical therapists may perform mobilization or manual therapy and that those mobilization or manual therapy techniques are statutorily limited to the normal physiological range of motion. Physical therapists in Nebraska may not perform any type of manual therapy, mobilization manipulation or joint manipulation which carries the joint beyond the normal physiological range of motion. Furthermore, we believe the literature is clear that a specific type of procedure known as a Grade V mobilization or Grade V manipulation requires movement beyond the normal range of motion. Therefore, physical therapists in Nebraska may not perform Grade V mobilization or Grade V manipulations.
Legislative history, such as the introducer's statement of intent and floor debate, may be used by a court to construe a statute which is "reasonably considered ambiguous." Sydow v. City of Grand Island, 263 Neb. 389, 397, 639 N.W.2d 913, 921 (2002). To the extent that the current Physical Therapy Practice Act may be considered ambiguous because the term manipulation is neither mentioned nor defined, it is appropriate for us to consider the legislative history of the current Act. We have reviewed the legislative history of LB 994, Laws 2006, from which the current Physical Therapy Act is derived. That legislative history indicates that LB 994 originally included the term manipulation but opposition to inclusion of that language arose during floor debate and the term was removed. The term "mobilization or manual therapy" was then added, which term is defined as "skilled passive movements . . . throughout the normal physiological range of motion. . . ." In our view, this legislative history lends some support to the definition of joint manipulation which you employ in your request letter.
Further, Neb. Rev. Stat. § 38-2902 states "[n]othing in the act shall be construed to expand the scope of practice of physical therapy as it existed prior to July 14, 2006." The previous statutory scope of practice for physical therapy did not reference the term "manipulation." Neb. Rev. Stat. § 71-2801 (Reissue (2003). We found no evidence suggesting that procedures beyond the normal range of motion were considered part of the physical therapy scope of practice.
Finally, the Legislature created a process for professions to follow if they wish to expand the scope of their practice. Neb. Rev. Stat. § 71-6202 provides
The purpose of the Nebraska Regulation of Health Professions Act is to establish guidelines for . . . those licensed or regulated health professions which seek to change their scope of practice.
This process is commonly referred to as the "407" process, named after the legislation LB 407. The burden lies on the profession seeking to expand the scope of its practice to provide justification and assurance that the public will benefit and not be harmed. We believe that if physical therapists wish to include any procedures beyond the scope of the normal range of motion in the scope of their practice they must avail themselves of the 407 process or seek legislative change.
Conclusion
As discussed above, under the existing statutes, physical therapists may not perform treatment techniques which move joints beyond their normal physiological range of motion. Therefore, if manipulation is defined as treatment which moves joints beyond their normal physiological range of motion, it is not within the current scope of practice for physical therapists, including Grade V manipulation. The actual practice of physical therapy must not exceed its statutory scope as it existed on July 14, 2006. To the extent that the physical therapists believe a need exists to expand the scope of their practice they must follow the 407 process established by the legislature or seek legislative change.
Sincerely,
JON BRUNING Attorney General Dale A. Comer Assistant Attorney General
 Approved by: ________________________ Attorney General