IN RE INTEREST OF BRIANNA B. AND SHELBY B.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. SCOTT B., APPELLANT.
614 N.W.2d 790

Filed July 25, 2000.    No. A-99-1147.

Bell Island for appellant.

Douglas L. Warner, Deputy Scotts Bluff County Attorney, for appellee.

IRWIN, Chief Judge, and SIEVERS and MOORE, Judges.

IRWIN, Chief Judge.

## I. INTRODUCTION

Scott B. appeals from an order of the county court, sitting as a juvenile court, which took jurisdiction over his two minor children and entered a dispositional order. The mother of the children, Michelle B., does not appeal. On appeal, Scott challenges the court's denial of a motion to dismiss, the sufficiency of the evidence to support adjudication, and the court's entry of a dispositional order. We find there was insufficient evidence to support the adjudication, and therefore, we reverse the judgment of the juvenile court and remand the cause with direction to dismiss.

## II. BACKGROUND

On April 1, 1999, a petition was filed alleging that Brianna B. and Shelby B. were juveniles who lacked proper parental care and supervision by reason of the faults or habits of Scott and Michelle. Specifically, the petition alleged that the children lacked proper care and supervision because of Scott's and Michelle's "alcohol consumption." On April 13, the court entered an order appointing counsel for Scott and Michelle and awarding temporary custody of Brianna and Shelby to the State. On July 15, an adjudication hearing was begun. At the conclusion of testimony on July 15, the State sought a continuance and asked to complete the adjudication hearing at a later date. The court continued the adjudication hearing, and the hearing was completed on August 31.

On August 18, 1999, Scott filed a motion seeking to have the petition dismissed, and on August 27, Michelle filed a motion to dismiss. Scott and Michelle asserted that the case warranted dismissal for lack of prosecution and argued that Neb. Rev. Stat. § 43-278 (Reissue 1998) required adjudication be completed within 90 days of the date of filing of the petition. The court overruled the motions.

On August 31, 1999, the court received additional evidence concerning the adjudication of the children. The court determined that the children met the statutory definition of lacking proper parental care and supervision and concluded that it had jurisdiction over the children. The court then proceeded to receive and adopt a dispositional plan and entered a dispositional order. Scott has filed this timely appeal. We note that the State has not filed a brief.

## III. ASSIGNMENTS OF ERROR

On appeal, Scott has assigned five errors, which we have consolidated for discussion to three. First, Scott asserts that the court erred in granting the State's motion for continuance and in denying his motion to dismiss for lack of prosecution. Second, Scott asserts that the court erred in finding sufficient evidence to support adjudication. Third, Scott asserts that the court erred in proceeding with disposition at the conclusion of the adjudication hearing without prior notice.

## IV. ANALYSIS

### 1. CONTINUING ADJUDICATION

Scott first challenges the court's granting of the State's motion to continue and denying his motion to dismiss. Scott asserts that the court erred in allowing the adjudication hearing to be completed more than 90 days after the petition was filed.

■ Section 43-278 provides that an adjudication hearing shall be conducted within 90 days after a petition is filed. However, the Nebraska Supreme Court has held that § 43-278 is directory, not mandatory. See *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996). As such, the provision does not mandate that a case be dismissed if the adjudication is not completed within 90 days. The facts of the present case indicate that the adjudication was completed approximately 5 months after the petition was filed. We do not find an abuse of discretion by the trial court in denying Scott's motion to dismiss.

Scott also asserts that the court erred in granting a continuance of the adjudication hearing. The adjudication hearing was started on July 15, 1999, at which time Michelle and Scott both were called to testify. At the conclusion of their testimony, the State moved for a continuance, asserting that testimony from the children was needed, as well as the results of alcohol evaluations conducted on Michelle and Scott. The State asserted a belief that the additional evidence would contradict the testimony provided by Michelle and Scott. The guardian ad litem joined in the request. The court noted that the time it had allotted for the hearing that day had been used. The court continued the hearing. On August 31, Brianna testified, as well as Michelle's mother and a mental health therapist who had conducted an alcohol evaluation on Michelle.

■ The granting or denial of a continuance or a hearing is within the discretion of the trial court. *In re Interest of H.P.A.*, 237 Neb. 410, 466 N.W.2d 90 (1991). In the absence of a showing of an abuse of discretion, a ruling on a motion for continuance will not be disturbed on appeal. *State v. Turner*, 252 Neb. 620, 564 N.W.2d 231 (1997). At trial, the State argued a need to have the children testify because of a belief that the children's testimony would differ from that given by Michelle and Scott on the first day of the adjudication hearing. The State indicated that

the children were not present for the initial hearing out of a desire not to force them to testify unless necessary. Additionally, the State indicated that alcohol evaluations had been made available to the State only a few days prior to the adjudication hearing, leaving inadequate time to subpoena the evaluators. We do not find an abuse of discretion by the trial court in granting the continuance on these facts.

## 2. Sufficiency of Evidence

■ Scott asserts that there was insufficient evidence to support adjudication of the children. An appellate court reviews juvenile cases de novo on the record and is required to reach a conclusion independent of the juvenile court's findings. *In re Interest of Shea B.*, 3 Neb. App. 750, 532 N.W.2d 52 (1995). Section 43-247 gives the juvenile court jurisdiction, inter alia, over children who lack proper parental care or supervision by reason of the fault or habits of his or her parent. In the present case, the petition alleged that Brianna and Shelby lacked proper care and supervision because of Scott's and Michelle's alcoholism.

The evidence adduced at trial established a pattern of drinking by Scott and Michelle. Michelle testified that Scott did not drink frequently and that he drank enough to "catch a good drinkin buzz . . . [b]ut nothin that constituted him falling down or bumping into things." Michelle testified that between September 1998 and March 1999, she had seen Scott drink twice. Her testimony indicated three occasions. On an occasion in March 1999, Michelle and Scott drank "beer" and "Captain Morgan" after Brianna and Shelby went to bed. Michelle left the house and was subsequently arrested for driving while under the influence of alcoholic liquor (DUI).

Scott acknowledged a history of alcohol abuse. He further testified to drinking on the occasions Michelle testified about. On the night Michelle was arrested for DUI, Scott testified that he had "about eight beers." Scott was not aware that Michelle had been arrested until the next morning. According to Scott's testimony, the girls were in bed while he and Michelle were drinking. Scott testified that the children "hardly ever see [him] drink. [He] might come home and have a buzz, but they don't hardly ever see [him] drink."

Although the evidence presented shows that Michelle and Scott had consumed alcohol on occasions when the children were in the house, there was no evidence presented to show any impact such drinking had on the children. There was no evidence of the children being placed in harm or lacking proper care as a result of the drinking. Michelle's mother testified about one occasion when she picked the children up from the babysitter because Michelle and Scott failed to do so. She testified that she believed they were drinking, but she also testified that she did not see Scott and Michelle and that after picking the children up, she dropped them off at Scott and Michelle's house. Michelle's mother also testified that the day after Michelle was arrested for DUI, Scott had come to her house after he had been drinking and wanted to take Brianna and Shelby with him, but she prevented him from doing so. Michelle's mother's testimony was that Scott and Michelle were not bad parents.

On our de novo review, we find the evidence insufficient to support an adjudication based solely on Scott's alcoholism. Because that was the only allegation pled, our determination is limited to whether the evidence shows that Brianna and Shelby lack proper parental care because of Scott's alcoholism. The State failed to adduce sufficient evidence to establish this allegation, and we reverse the adjudication.

### 3. DISPOSITION

Because of our conclusion with regard to the adjudication, we need not make a ruling concerning the disposition in this case or Scott's due process claim. Nonetheless, because of the circumstances and procedural history of this case, we feel it necessary to comment briefly on the court's handling of the disposition in light of Scott's due process rights.

Scott asserts that the court erred in proceeding with disposition at the conclusion of the adjudication hearing. On appeal, Scott asserts that he was denied due process because he was not provided adequate notice that a dispositional plan could be ordered at the adjudication hearing and that there was no evidentiary hearing presented on the proposed plan.

The Nebraska Supreme Court has held that procedural due process is applicable in juvenile proceedings. See, e.g., *In re*

*Interest of L.V.,* 240 Neb. 404, 482 N.W.2d 250 (1992). In *In re Interest of L.V.,* the court stated that when a person has a right to be heard, procedural due process includes notice to the person whose right is affected by a proceeding, that is, timely notice reasonably calculated to inform the person concerning the subject and issues involved in the proceeding; a reasonable opportunity to refute or defend against a charge or accusation; a reasonable opportunity to confront and cross-examine adverse witnesses and present evidence on the charge or accusation; representation by counsel, when such is required by constitution or statute; and a hearing before an impartial decisionmaker.

■ The record in the present case indicates that Scott received no notice whatsoever that a dispositional plan would be considered at the adjudication hearing. Compare *In re Interest of K.M.S.,* 236 Neb. 665, 463 N.W.2d 586 (1990) (court allowed adjudication and disposition in same hearing, but petition set forth facts alleging grounds existed for termination of rights). There is no notice evident in the transcript, and the petition seeking adjudication did not request a dispositional plan be ordered concurrently with disposition. With regard to adjudication and disposition, the Supreme Court has stated that the purpose of adjudication is to protect the interests of the children, while the purpose of disposition is to determine the placement and the rights of the parties in the action. *In re Interest of Joshua M. et al.,* 256 Neb. 596, 591 N.W.2d 557 (1999).

Scott's attorney indicated to the court that they had received no notice that disposition would be argued and that they "just got" the proposed disposition plan. Scott's attorney asked that disposition be delayed until a later date, arguing that "[p]utting this off for a short period of time . . . is not unjust and in this case gives us an opportunity to be able to review and respond to the case plan." The court stated that "[i]t is the opinion of the Court that — that it's fair to all the parties to proceed at this time with the disposition." The court indicated that the goal was reunification, but that "timely and prompt response" was expected to the adopted case plan. The court then scheduled the next review hearing for 6 months later.

It is apparent that the court failed to consider whether Scott received proper notice that disposition would be an issue. There

is no such notice apparent in the record, and Scott's attorney argued to the court that no such notice had been given. As such, had we been required to reach the merits of Scott's due process claim, we note that it is apparent from the record that the trial court failed to accord Scott proper due process.

## V. CONCLUSION

Because we find there was insufficient evidence presented to warrant an adjudication of Brianna and Shelby as concerns Scott, we reverse the adjudication order entered concerning Scott and remand the cause with direction to dismiss.

REVERSED AND REMANDED WITH
DIRECTION TO DISMISS.