## CONCLUSION

For the reasons discussed, we reverse the judgment of the district court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

---

IN RE INTEREST OF JUSTINE J. ET AL.,
CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
SHAWNA R., APPELLANT.
___ N.W.2d ___

Filed July 12, 2013.    No. S-12-1134.

1. **Juvenile Courts: Judgments: Appeal and Error.** Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. However, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other.

2. **Juvenile Courts: Jurisdiction.** To obtain jurisdiction over a juvenile at the adjudication stage, the court's only concern is whether the conditions in which the juvenile presently finds himself or herself fit within the asserted subsection of Neb. Rev. Stat. § 43-247 (Reissue 2008).

3. **Juvenile Courts: Jurisdiction: Parental Rights.** Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008) outlines the basis for the juvenile court's jurisdiction and grants exclusive jurisdiction over any juvenile who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian.

4. **Parental Rights.** The purpose of the adjudication phase is to protect the interests of the child.

5. **Juvenile Courts: Jurisdiction: Proof.** The Nebraska Juvenile Code does not require the separate juvenile court to wait until disaster has befallen a minor child before the court may acquire jurisdiction. While the State need not prove that the child has actually suffered physical harm, Nebraska case law is clear that at a minimum, the State must establish that without intervention, there is a definite risk of future harm.

6. **Parental Rights: Proof.** The State must prove the allegations in a petition for adjudication filed under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008) by a preponderance of the evidence.

Appeal from the Separate Juvenile Court of Douglas County: ELIZABETH CRNKOVICH, Judge. Affirmed in part, and in part reversed and remanded with directions.

Cassidy V. Chapman and Andrea M. Smith for appellant.

Donald W. Kleine, Douglas County Attorney, Ann C. Miller, and Emily H. Anderson, Senior Certified Law Student, for appellee.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

McCormack, J.

## NATURE OF CASE

Shawna R. appeals from an order of the juvenile court adjudicating her four children under Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2008). Shawna does not challenge the adjudication of her two daughters, Sylissa J. and Justine J. Shawna challenges the juvenile court's adjudication of her two sons, Moses S. and Elijah S., and argues that there was no evidence that the boys were in danger of future harm. We agree and find that there was insufficient evidence adduced by the State to support the adjudication of Moses and Elijah. Therefore, we reverse the judgment of the juvenile court pertaining to Moses and Elijah and remand the cause with directions to dismiss the petition for adjudication of Moses and Elijah.

## BACKGROUND

Shawna is the biological mother of four children. At the time of the adjudication hearing, her daughter Sylissa was 14 years old, daughter Justine was 11 years old, son Moses was 8 years old, and son Elijah was 6 years old. At the relevant times of neglect and abuse, the two oldest children, Sylissa and Justine, lived with their mother, Shawna, and her husband, Jarrod R. The record indicates that the two youngest children, Moses and Elijah, lived with their grandparents.

On April 12, 2012, the State filed a petition alleging that Sylissa and Justine came within the meaning of § 43-247(3)(a) and lacked proper parental care by reason of the faults and habits of Shawna and Jarrod. The State made five allegations: (1) Shawna's and Jarrod's use of alcohol and controlled substances places said children at risk of harm; (2) Shawna

and Jarrod have engaged in multiple instances of domestic violence; (3) Shawna and Jarrod have failed to provide said children with proper parental care, support, and supervision; (4) Shawna and Jarrod have failed to provide safe, stable, and appropriate housing for said children; and (5) due to the above allegations, said children are at risk for harm.

On April 16, 2012, the State filed an amended petition. The amended petition added Moses and Elijah and alleged the two boys also came within the meaning of § 43-247(3)(a) for the same reasoning as Sylissa and Justine.

During the adjudication hearing on October 11, 2012, the State offered, and the court admitted into evidence, depositions from Sylissa and Justine. Both Sylissa and Justine testified to finding drug paraphernalia, including pipes and needles, in the house. They witnessed multiple instances of domestic violence between Shawna and Jarrod. They were often left unsupervised without enough food to eat and having to fend for themselves when it came to finding dinner. In their depositions, both daughters testified that they did not feel safe living with Shawna and Jarrod.

Sylissa and Justine both testified that at the times of the above incidences of neglect, their brothers, Moses and Elijah, were not present. Sylissa testified that Moses and Elijah lived at their grandparents' house and not with Shawna and Jarrod. Additionally, both Sylissa and Justine testified that they felt safe when staying with their grandparents.

On October 22, 2012, the juvenile court found by a preponderance of the evidence that Sylissa, Justine, Moses, and Elijah were within § 43-247(3)(a) due to the faults and habits of Shawna and Jarrod. The children were ordered to remain in the temporary custody of the Nebraska Department of Health and Human Services for appropriate care and placement. Shawna appeals that order.

## ASSIGNMENTS OF ERROR

Shawna assigns, restated and summarized, that the juvenile court erred in finding by a preponderance of the evidence that Moses and Elijah come within the meaning of § 43-247(3)(a) and in finding that Moses and Elijah should remain in the

temporary custody of the Department of Health and Human Services for appropriate care and placement.

## STANDARD OF REVIEW

[1] Cases arising under the Nebraska Juvenile Code are reviewed de novo on the record, and an appellate court is required to reach a conclusion independent of the trial court's findings. However, when the evidence is in conflict, the appellate court will consider and give weight to the fact that the lower court observed the witnesses and accepted one version of the facts over the other.[1]

## ANALYSIS

Shawna does not contest the juvenile court's findings that Sylissa and Justine were at risk of harm under § 43-247(3)(a) due to her faults and habits. However, she argues that because Moses and Elijah were not residing with her, they were not at a risk of harm and did not fall within the meaning of § 43-247(3)(a).

[2,3] To obtain jurisdiction over a juvenile at the adjudication stage, the court's only concern is whether the conditions in which the juvenile presently finds himself or herself fit within the asserted subsection of § 43-247.[2] Section 43-247(3)(a) outlines the basis for the juvenile court's jurisdiction and grants exclusive jurisdiction over any juvenile "who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian."

[4-6] The purpose of the adjudication phase is to protect the interests of the child.[3] The Nebraska Juvenile Code does not require the separate juvenile court to wait until disaster has befallen a minor child before the court may acquire jurisdiction.[4] While the State need not prove that the child has actually suffered physical harm, Nebraska case law is clear that at a minimum, the State must establish that without intervention,

---

[1] *In re Interest of Rylee S.*, 285 Neb. 774, 829 N.W.2d 445 (2013).

[2] See *In re Interest of Sabrina K.*, 262 Neb. 871, 635 N.W.2d 727 (2001).

[3] See *id*.

[4] *In re Interest of M.B. and A.B.*, 239 Neb. 1028, 480 N.W.2d 160 (1992).

there is a definite risk of future harm.[5] The State must prove such allegations by a preponderance of the evidence.[6]

The issue presented by this appeal is whether the State proved by a preponderance of the evidence that without intervention, there was definite risk of future harm to Moses and Elijah, by reason of the fault or habits of Shawna and Jarrod, while the boys were living with their grandparents. We find that the State failed to meet its burden.

In *In re Interest of Carrdale H*.,[7] the juvenile court adjudicated a child based upon the father's possession of illegal drugs, and the Nebraska Court of Appeals reversed the adjudication order. The court noted that the State failed to adduce any evidence regarding whether the father was charged with a crime, whether the father had any history of drug use in or out of the child's presence, whether the child was present when the father possessed the drugs, or whether the child was affected in any way by the father's actions.[8] The court held that the State failed to prove by a preponderance of the evidence the petition's allegation that the father's use of drugs placed said child at risk for harm.[9]

In *In re Interest of Brianna B. & Shelby B*.,[10] the juvenile court adjudicated the children because of a pattern of alcohol use by the parents. The Court of Appeals concluded that the State failed to adduce evidence to show that the children lacked proper parental care.[11] Although there was evidence that the parents had consumed alcohol in the presence of the children, there was no evidence to show that the children were impacted by the drinking.[12]

---

[5] *In re Interest of Anaya*, 276 Neb. 825, 758 N.W.2d 10 (2008).

[6] See *id*.

[7] *In re Interest of Carrdale H*., 18 Neb. App. 350, 781 N.W.2d 622 (2010).

[8] *Id*.

[9] *Id*.

[10] *In re Interest of Brianna B. & Shelby B*., 9 Neb. App. 529, 614 N.W.2d 790 (2000).

[11] *Id*.

[12] *Id*.

And finally, in *In re Interest of Taeven Z.*,[13] the juvenile court adjudicated the child because the mother had ingested a morphine pill that was not prescribed to her. The Court of Appeals found that there was no evidence that the child was affected by the mother's taking the nonprescribed pill or any evidence that the mother's taking the pill placed the child at risk.[14] The court held that there was no evidentiary nexus between the consumption of drugs by the mother and any definite risk of future harm to the child.[15]

Like the aforementioned cases, we conclude that the State did not adduce sufficient evidence to support the adjudication of Moses and Elijah. It is uncontested that the State met its burden as to the adjudication of Sylissa and Justine. However, there is no evidence that Moses and Elijah were present for Shawna's and Jarrod's drug use or domestic violence. In fact, the deposition testimony of both Sylissa and Justine indicates that Moses and Elijah were living with their grandparents. Sylissa's and Justine's testimony establishes that their grandparents provided a safe environment for Moses and Elijah. Therefore, although the living situation provided by Shawna and Jarrod to Sylissa and Justine was sufficient to adjudicate the children, the State failed to prove by a preponderance of the evidence an evidentiary nexus between the neglect suffered by Sylissa and Justine and any definite risk of future harm to Moses and Elijah.

Therefore, we reverse the juvenile court's adjudication of Moses and Elijah. We do so cautiously and note that should evidence be discovered that Moses and Elijah are at a definite risk of future harm after being returned to the custody of Shawna, the State should again petition the juvenile court for adjudication pursuant to § 43-247(3)(a).

## CONCLUSION

Because we find there was insufficient evidence presented to warrant an adjudication of Moses and Elijah, we reverse the

---

[13] *In re Interest of Taeven Z.*, 19 Neb. App. 831, 812 N.W.2d 313 (2012).

[14] *Id.*

[15] *Id.*

adjudication order concerning Moses and Elijah and remand the cause with directions to dismiss the petition as to Moses and Elijah. As conceded by the parties, we affirm the adjudication order of the juvenile court as to Sylissa and Justine.

Affirmed in part, and in part reversed
and remanded with directions.