IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)


IN RE INTEREST OF ARABELLA G. & PHOENIX H.


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


IN RE INTEREST OF ARABELLA G. AND PHOENIX H.,
CHILDREN UNDER 18 YEARS OF AGE.

STATE OF NEBRASKA, APPELLEE,

V.

HEATHER G., APPELLANT.


Filed March 6, 2018.    No. A-17-787.


Appeal from the Separate Juvenile Court of Douglas County: VERNON DANIELS, Judge. Reversed and remanded with directions to dismiss.

Michaela Skogerboe, of Harris & Associates, P.C., L.L.O., for appellant.

Donald W. Kleine, Douglas County Attorney, Elizabeth McClelland, Jennifer C. Clark, and Emily A. Peklo, Senior Certified Law Student, for appellee.


PIRTLE, BISHOP, and ARTERBURN, Judges.

PIRTLE, Judge.

### INTRODUCTION

Heather G. appeals the adjudication order of the separate juvenile court of Douglas County. She asserts the State did not meet its burden of proof to show the children were at risk for harm, and that the court erred in finding that it was in the children's best interests to remain in the temporary custody of the Nebraska Department of Health and Human Services (DHHS), with placement to exclude her home. We find that there was insufficient evidence adduced by the State to support the adjudication of the minor children. Therefore, we reverse the judgment of the juvenile court and remand the cause with directions to dismiss the petition for adjudication.

BACKGROUND

Heather is the biological mother of Arabella G., born in October 2015, and Phoenix H., born in July 2010.

In December 2016 the State filed a petition alleging that Arabella and Phoenix were children within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016) due to the fault or habits of their mother, Heather. Count I of the petition alleged that (A) Heather's whereabouts were unknown; (B) Heather left the children with an inappropriate caregiver; (C) Heather failed to provide safe, stable, and/or appropriate housing; (D) Heather failed to provide proper parental care, support, and/or supervision; and (E) due to the reasons stated in subsections (A) through (D), the children were at risk for harm.

Adjudication proceedings were held on June 23, 2017. Donna Mulligan, a child and family services specialist, testified that she received an intake on December 6, 2016. There was concern that Phoenix did not have a caregiver picking her up at school; law enforcement was called when no one picked up Phoenix from school. It was reported that several days per week, Phoenix's 10-year-old cousin picked her up from school and walked home with her, a distance of approximately three or four blocks. This led to a concern that the children did not have proper supervision, which placed them at risk for harm.

The children were living with Heather in the home of one of Heather's family members. Mulligan went to the home and found only one adult caregiver in the home, a woman named Tamra. Tamra also lived in the home, but was not the homeowner. Mulligan observed that Tamra was fidgety, very talkative, and appeared to be under the influence of drugs. Mulligan observed that Tamra was unable to form a complete sentence or give clear responses to questions.

Mulligan was in the home for 3 to 4 hours on December 6, 2016. She tried to contact Heather "several times" and was unable to reach her. Mulligan called Heather's cell phone and left several messages stating that she needed to call back immediately, and Heather never responded. Mulligan opined that the children were not in a safe environment and were at risk for harm if they remained in the home. An affidavit for removal was prepared that same day based on Mulligan's observation that Heather chose to leave the children with an inappropriate caregiver and no one knew how to reach her. The affidavit for removal was not made a part of our record, on appeal.

On June 27, 2017, the juvenile court entered an adjudication order. The court found counts I(A), I(B), I(D), and I(E) were true by a preponderance of the evidence. Count I(C) was dismissed for failure of proof. The court found Arabella and Phoenix to be children within the meaning of § 43-247(3)(a) by a preponderance of the evidence, insofar as Heather is concerned. The court found that it would be in the best interests, safety, and welfare of the children to remain in the temporary custody of DHHS for appropriate care, services, and for placement to exclude Heather's home.

ASSIGNMENTS OF ERROR

Heather assigns that (1) the juvenile court erred in finding sufficient evidence that the children are at risk for harm and (2) the juvenile court erred in finding that it was in the children's best interests to remain in the temporary custody of DHHS, with placement to exclude her home.

STANDARD OF REVIEW

An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of LeVanta S.*, 295 Neb. 151, 887 N.W.2d 502 (2016). When the evidence is in conflict, an appellate court may give weight to the fact that the juvenile court observed the witnesses and accepted one version of the facts over another. *Id.*

ANALYSIS

To obtain jurisdiction over a juvenile at the adjudication stage, the court's only concern is whether the conditions in which the juvenile presently finds himself or herself fit within the asserted subsection of § 43-247. *In re Interest of Lilly S. & Vincent S.*, 298 Neb. 306, 903 N.W.2d 651 (2017). Section 43-247(3)(a) outlines the basis for the juvenile court's jurisdiction and grants exclusive jurisdiction over any juvenile who "lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian." See *In re Interest of Justine J. et al.*, 286 Neb. 250, 835 N.W.2d 674 (2013). While the State need not prove that the child has actually suffered harm, Nebraska case law is clear that at a minimum, the State must establish that without intervention, there is a definite risk of future harm. *Id.* The State must prove such allegations by a preponderance of the evidence. *Id.*

The petition alleges that the children came within the meaning of § 43-247(3)(a) because Heather left them with an inappropriate caregiver, she failed to provide safe housing and proper parental care, and because her whereabouts were unknown. Heather claims that the juvenile court erred in finding sufficient evidence that the children were at risk for harm and therefore finding that they came within the meaning of § 43-247(3)(a).

The State argues that the burden of proof was met by a preponderance of the evidence. However, as Heather correctly points out in her reply brief, the State's allegations rely heavily upon the affidavit for removal, which was not offered and received as evidence at the adjudication hearing, and is not a part of the record presented to this court for review. The rules of evidence apply at adjudication hearings. *In re Interest of Elijah P.*, 24 Neb. App. 521, 891 N.W.2d 330 (2017). Unless an exhibit is marked, offered, and accepted, it does not become part of the record and cannot be considered as evidence in the case. *Zannini v. Ameritrade Holding Corp.*, 266 Neb. 492, 667 N.W.2d 222 (2003). Therefore, the evidence contained in the affidavit cannot be considered. See *Mahmood v. Mahmud*, 279 Neb. 390, 778 N.W.2d 426 (2010) (in protection order proceeding, petition and affidavit cannot be considered as evidence until offered and accepted at trial).

The Nebraska Supreme Court has held that a court need not await certain disaster to come into fruition before taking protective steps in the interest of a minor child. *In re Interest of Lilly S. & Vincent S., supra* (citing *In re Interest of S.L.P.*, 230 Neb. 635, 432 N.W.2d 826 (1988)). However, the State must still prove, by a preponderance of the evidence that there was a definite risk of harm to Arabella and Phoenix, by reason of the faults or habits of Heather.

We conclude that the State did not adduce sufficient evidence to support the adjudication of Arabella and Phoenix. The record before us shows that on the day of Mulligan's visit, the children were in Tamra's care and Heather was unreachable for a period of 3 to 4 hours. There was no evidence, beyond Mulligan's suspicion, that Tamra was under the influence of drugs, and there

was no evidence presented that the children were not receiving adequate care. For example, there was no evidence presented that the home was in disarray, that the children were not being fed, or that the children observed drug use or had access to drug paraphernalia. Mulligan stated that she did not know how long the children had been in Tamra's care.

The record before us shows that for at least 3 to 4 hours on that particular day, the children were in the presence of an adult who was suspected to be under the influence, and that the children's mother was not reachable. However, the record does nothing to show that the caregiver was incapable of providing adequate care, and the record does not establish a pattern of neglect or abuse by the mother which justifies a finding that the children were at risk for harm under the circumstances. Without more, we cannot find that the State proved by a preponderance of the evidence that the children came within the meaning of § 43-247(3)(a) and were at a definite risk of future harm.

Therefore, we reverse the juvenile court's adjudication of Arabella and Phoenix. Having found that the evidence does not support a finding that the children were at risk for harm, we need not consider Heather's second assignment of error; that the juvenile court erred in finding that it would be in the best interests, safety, and welfare of the children to remain in the temporary custody of DHHS for appropriate care, services, and placement, to exclude Heather's home. See *In re Estate of Psota*, 297 Neb. 570, 900 N.W.2d 790 (2017) (appellate court need not engage in analysis not necessary to resolve appeal).

## CONCLUSION

Because we find there is insufficient evidence presented to warrant an adjudication of Arabella and Phoenix, we reverse the adjudication order and remand the cause with directions to dismiss the petition.

REVERSED AND DEMANDED WITH DIRECTIONS TO DISMISS.