JOSEPH PONSEIGO AND MARGARET PONSEIGO, APPELLANTS, v. MARY W. ET AL., APPELLEES.

672 N.W.2d 36

Filed December 5, 2003.   No. S-03-118.

James Walter Crampton for appellants.

Jon C. Bruning, Attorney General, Royce N. Harper, and Lee C. Brawner, Special Assistant Attorney General, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

CONNOLLY, J.

This appeal presents the question whether a district court has jurisdiction to grant grandparent visitation under Neb. Rev. Stat. §§ 43-1802 and 43-1803 (Reissue 1998) when a juvenile court has previously assumed jurisdiction under Neb. Rev. Stat. § 43-247(3) (Reissue 1998). Joseph Ponseigo and Margaret Ponseigo appeal the district court's order vacating a decree that awarded them grandparent visitation. The district court determined that because the child was under the jurisdiction of the

juvenile court, it lacked jurisdiction to enter the decree. We affirm, because under § 43-247, the juvenile court has exclusive jurisdiction over the child.

## BACKGROUND

The Ponseigos, as maternal grandparents, filed a petition in the district court seeking visitation with their grandchild who was under the custody of the Nebraska Department of Health and Human Services (DHHS) and in foster care with the paternal grandparents. The Ponseigos alleged that the parents of the child were divorced, that the Ponseigos had visitation through an order of the juvenile court, and that they anticipated adoption or guardianship by the paternal grandparents. DHHS did not file a response, and the Ponseigos filed a motion for a default judgment. DHHS then filed an answer alleging in part that the juvenile court had jurisdiction over this case.

On February 25, 2002, the district court granted the Ponseigos visitation rights that would survive relinquishment of parental rights or termination of the jurisdiction of the juvenile court. On April 18, DHHS moved to vacate the decree, alleging that the court failed to hold an evidentiary hearing, the visitation was excessive, and the paternal grandparents were necessary parties. On June 13, the court made a docket entry sustaining the motion. The docket entry was not file stamped.

The Ponseigos filed an appeal, which was dismissed by the Nebraska Court of Appeals for lack of jurisdiction on August 23, 2002. On January 14, 2003, the district court entered a file-stamped order sustaining the motion to vacate and finding that it lacked jurisdiction to enter the decree. The Ponseigos appeal.

## ASSIGNMENTS OF ERROR

The Ponseigos assign that the district court erred in determining that it lacked jurisdiction and in vacating the decree.

## STANDARD OF REVIEW

■ When a jurisdictional question does not involve a factual dispute, its determination is a matter of law, which requires an appellate court to reach a conclusion independent of the decisions made by the lower courts. *Davis v. Settle*, 266 Neb. 232, 665 N.W.2d 6 (2003).

## ANALYSIS

Relying on §§ 43-1802 and 43-1803, the Ponseigos contend that the district court has jurisdiction even though the child is under the jurisdiction of the juvenile court. DHHS argues, however, that the juvenile court has exclusive jurisdiction under § 43-247(3).

Section 43-1802(b) allows a grandparent to seek visitation with his or her minor grandchild when "[t]he marriage of the child's parents has been dissolved or petition for the dissolution of such marriage has been filed, is still pending, but no decree has been entered." Section 43-1803(1) provides in part:

If the marriage of the parents of a minor child has been dissolved or a petition for the dissolution of such marriage has been filed, is still pending, but no decree has been entered, a grandparent seeking visitation shall file a petition for such visitation in the district court in the county in which the dissolution was had or the proceedings are taking place.

Although § 43-1803 requires a petition seeking grandparent visitation to be filed in the district court, § 43-247 provides:

The juvenile court shall have exclusive original jurisdiction as to any juvenile defined in subdivision . . . (3) of this section, and as to the parties and proceedings provided in subdivisions (5), (6), and (8) of this section. . . .

The juvenile court in each county as herein provided shall have jurisdiction of:

. . . .

(3) Any juvenile (a) who is homeless or destitute, or without proper support through no fault of his or her parent, guardian, or custodian; who is abandoned by his or her parent, guardian, or custodian; who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian; whose parent, guardian, or custodian neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such juvenile; whose parent, guardian, or custodian is unable to provide or neglects or refuses to provide special care made necessary by the mental condition of the juvenile; or who is in a situation or engages in an occupation dangerous to life or

limb or injurious to the health or morals of such juvenile, (b) who, by reason of being wayward or habitually disobedient, is uncontrolled by his or her parent, guardian, or custodian; who deports himself or herself so as to injure or endanger seriously the morals or health of himself, herself, or others; or who is habitually truant from home or school, or (c) who is mentally ill and dangerous as defined in section 83-1009.

Under § 43-247, the juvenile court also has exclusive jurisdiction over (1) the parent, guardian, or custodian who has custody of any juvenile; (2) proceedings for termination of parental rights under the juvenile code; and (3) any juvenile who has been voluntarily relinquished to DHHS or a child placement agency. § 43-247(5), (6), and (8).

We have never addressed whether a district court has jurisdiction over a petition for grandparent visitation when the child is under the exclusive jurisdiction of the juvenile court. We have held, however, that a county court may not acquire jurisdiction over a guardianship appointment under the probate code when the court, sitting as a juvenile court, has previously adjudicated a minor under § 43-247(3). *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000). See *In re Interest of Sabrina K.*, 262 Neb. 871, 635 N.W.2d 727 (2001).

In *In re Guardianship of Rebecca B. et al., supra*, children were adjudicated under § 43-247(3). Later, the county court held a guardianship proceeding and appointed the grandparents as coguardians for the children. On appeal, the mother of the children contended that the county court lacked jurisdiction over the guardianship proceeding because the juvenile court had jurisdiction under § 43-247. We agreed, noting that the juvenile court had exclusive jurisdiction under § 43-247. We further agreed with cases from the Court of Appeals which expressed concern that if the county court had jurisdiction to appoint a guardian, it would be possible for separate entities to be appointed guardian in each court. If the same entity were appointed in each court, the guardianship would still be subject to supervision by two separate courts. Finally, we noted that the court must apply different standards for guardianship under the juvenile code and the probate code. We concluded that because the juvenile court had

jurisdiction over the children, the county court lacked jurisdiction to hear the guardianship proceeding.

■ In *In re Interest of Sabrina K.*, we held a county court's jurisdiction over a previously established guardianship must yield to the juvenile court's exclusive jurisdiction if the juvenile court determines there is a sufficient factual basis for an adjudication under § 43-247(3). We recognized that " '[t]o the extent that there is conflict between two statutes on the same subject, the specific statute controls over the general statute.' " *In re Interest of Sabrina K.*, 262 Neb. at 876, 635 N.W.2d at 732. We then determined that under the juvenile code, exclusive jurisdiction is specific to the circumstances for adjudication listed in § 43-247(3), whereas the county court has jurisdiction over guardianships generally. Thus, we concluded that the county court's jurisdiction must yield to the jurisdiction of the juvenile court.

Here, § 43-247 specifically places exclusive jurisdiction in the juvenile court when the child has been adjudicated under § 43-247(3) or when the child has been voluntarily relinquished under § 43-247(8). The grandparent visitation statute, however, generally places jurisdiction in the district court. Thus, the more general statutory provision must yield to the specific. Further, the concerns we noted in *In re Guardianship of Rebecca B. et al., supra*, regarding concurrent jurisdiction in guardianship proceedings also apply to grandparent visitation. The Ponseigos successfully intervened in the juvenile court action and were granted visitation by the juvenile court. If they are able to concurrently pursue visitation in the district court, the possibility exists for conflicting orders.

The Ponseigos distinguish their situation from cases involving guardianship, arguing that if they cannot file in district court, they will be unable to obtain visitation that will survive a termination of parental rights. They argue that jurisdiction for grandparent visitation must be placed in the district court. We disagree. Nothing in §§ 43-1802 or 43-1803 shows an intention of the Legislature to allow a district court to grant grandparent visitation when the juvenile court has exclusive jurisdiction over a child under § 43-247. Instead, the legislative history indicates the opposite. The legislative history makes clear that the Legislature intended to pass a narrow statute that provided limited visitation

rights. In particular, it did not intend the grandparent visitation act to apply to situations involving the termination of parental rights or after adoption. Rather, the Legislature was interested in allowing visitation in circumstances such as divorce or death when one parent had custody of the children. Thus, by allowing exclusive jurisdiction to remain in the juvenile court for children adjudicated under § 43-247, a situation is avoided in which visitation could be granted by the district court in cases beyond what the Legislature intended.

We hold that when a juvenile court has obtained exclusive jurisdiction over a minor under § 43-247, the district court lacks jurisdiction to hear an action seeking grandparent visitation. Thus, the district court correctly vacated its decree because it lacked jurisdiction. The Ponseigos next argue that the district court improperly vacated the decree after the court term ended. Because we find that the district court lacked jurisdiction to enter the decree, the decree is void, and we need not discuss this argument. See, generally, *Marshall v. Marshall*, 240 Neb. 322, 482 N.W.2d 1 (1992). The Ponseigos cannot confer jurisdiction on the district court through an argument that the order was improperly vacated out of term.

## CONCLUSION

We conclude that the district court lacked subject matter jurisdiction to enter a decree granting grandparent visitation when the child was under the exclusive jurisdiction of the juvenile court under § 43-247. The court properly vacated the decree. We affirm.

AFFIRMED.

MCCORMACK, J., not participating.