MAXINE BROWN, APPELLEE, v. HARBOR FINANCIAL MORTGAGE CORPORATION AND FEDERAL INSURANCE COMPANY, APPELLANTS.

673 N.W.2d 35

Filed January 9, 2004.    No. S-03-606.

Brenda S. Spilker and Walter E. Zink II, of Baylor, Evnen, Curtiss, Grimitt & Witt, for appellants.

Philip M. Kelly, of Douglas, Kelly, Ostdiek, Bartels & Neilan, P.C., for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

MILLER-LERMAN, J.

## NATURE OF CASE

Harbor Financial Mortgage Corporation and Federal Insurance Company appeal the decision of the Nebraska Workers' Compensation Court review panel which, inter alia, affirmed the trial court's decision to grant the motion of appellee, Maxine Brown, for the assessment of waiting-time penalties against appellants pursuant to Neb. Rev. Stat. § 48-125 (Cum. Supp. 2002). Because the payment at issue was not delinquent, we reverse, and remand with directions.

## STATEMENT OF FACTS

The parties do not dispute the material facts in the case. On October 28, 1999, appellee sustained an injury arising out of and in the course of her employment with Harbor Financial Mortgage Corporation. Appellee filed a petition in the Nebraska Workers' Compensation Court seeking benefits for an injury to her lower back which she sustained while lifting a box. On August 28, 2002, the trial court entered an award ordering appellants, inter alia, to pay appellee disability benefits, the sum total of which is not apparent in the record on appeal. Appellants did not appeal the award.

On September 25, 2002, the claims office for First City Financial Corporation, the parent company of Harbor Financial Mortgage Corporation, processed check No. 8220559 in the amount of $39,079.58, representing the payment of workers' compensation benefits owed to appellee pursuant to the award. The check was dated September 25, 2002. The envelope containing the check was addressed to appellee's counsel and was postmarked on September 26. The check was received by appellee's counsel on September 30.

Although not relevant to the resolution of the pending appeal, we note that it was later determined that the amount of check No. 8220559 was insufficient to pay appellee the total benefits she received in the award, and a subsequent check in the amount of $2,043.35, representing the additional amount due and a 50-percent penalty payment, was sent to appellee. This subsequent check and its corresponding penalty payment are not at issue in the present appeal.

On October 8, 2002, appellee filed a motion pursuant to § 48-125, seeking an assessment of waiting-time penalties, claiming, inter alia, that she received check No. 8220559 more than 30 days after the entry of the award. Section 48-125 provides, in pertinent part, as follows:

(1) Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death, except that fifty percent shall be added for waiting time for all delinquent

payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court. Such payments shall be sent directly to the person entitled to compensation or his or her designated representative.

In a "Further Award" entered November 20, 2002, the trial court determined that appellants' payment represented by check No. 8220559 was delinquent. In reaching this determination, the trial court relied upon the language of Neb. Rev. Stat. § 48-101 (Reissue 1998). Section 48-101 provides as follows:

When personal injury is caused to an employee by accident or occupational disease, arising out of and in the course of his or her employment, such employee shall receive compensation therefor from his or her employer if the employee was not willfully negligent at the time of receiving such injury.

The trial court reasoned that because appellee was entitled to "receive" workers' compensation benefits under § 48-101, those benefits were delinquent under § 48-125 if not received by appellee within 30 days from the entry of the award. Finding that appellee did not receive payment for her workers' compensation benefits until September 30, 2002, the trial court determined that that payment was delinquent and ordered appellants to pay appellee an additional amount of $19,539.79 as a waiting-time penalty, together with an attorney fee of $250.

Appellants appealed the trial court's November 20, 2002, decision to the workers' compensation court review panel. In an order filed April 23, 2003, the review panel stated that "a detailed opinion would have no precedential value," affirmed the trial court's assessment of a waiting-time penalty and attorney fee, and assessed an additional attorney fee of $1,386. Appellants appeal.

## ASSIGNMENT OF ERROR

On appeal, appellants claim, restated, that the review panel erred when it affirmed the trial court's determination that appellants' payment of benefits was delinquent and affirmed the trial court's assessment of a waiting-time penalty and attorney fee, and further erred when it awarded an attorney fee on appeal.

## STANDARDS OF REVIEW

In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court review panel, a higher appellate court reviews the findings of the trial judge who conducted the original hearing. *Morris v. Nebraska Health System*, 266 Neb. 285, 664 N.W.2d 436 (2003). Upon appellate review, the findings of fact made by the trial judge of the compensation court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Id.* Statutory interpretation presents a question of law. *In re Estate of Breslow*, 266 Neb. 953, 670 N.W.2d 797 (2003). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Morris v. Nebraska Health System, supra; Larsen v. D B Feedyards*, 264 Neb. 483, 648 N.W.2d 306 (2002).

## ANALYSIS

At issue on appeal is whether the payment which is the subject of this case was delinquent under § 48-125(1). Appellants contend that the language of § 48-125(1) governs, and they argue specifically on the facts of this case that because the envelope containing their payment of benefits was postmarked within 30 days from the entry of the award, their payment was timely. In contrast, appellee claims that the trial court was correct when it relied upon the language of § 48-101 and concluded that appellants' payment was delinquent, because appellee did not actually receive the payment until more than 30 days after the entry of the award. We agree with appellants' reading of the controlling statutory language.

In reaching our decision in this appeal, we are guided by fundamental rules of statutory analysis. In discerning the meaning of a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *In re Interest of Tamantha S., ante* p. 78, 672 N.W.2d 24 (2003); *Gilroy v. Ryberg*, 266 Neb. 617, 667 N.W.2d 544 (2003). A court must place on a statute a reasonable construction which best achieves the statute's purpose, rather than a construction which would defeat that purpose. *In re Interest of Tamantha S., supra; Galaxy Telecom v. J.P. Theisen & Sons*, 265

Neb. 270, 656 N.W.2d 444 (2003). Further, to the extent that there is conflict between two statutes on the same subject, the specific statute controls over the general statute. *Ponseigo v. Mary W., ante* p. 72, 672 N.W.2d 36 (2003).

In accordance with these precepts, we conclude that the trial court erred in relying upon the language of § 48-101 and that the review panel erred when it affirmed the order of the trial court. Contrary to the view expressed by the lower courts, we conclude that the specific provisions of § 48-125(1) rather than the general language of § 48-101 control, and we resolve the issue in this appeal by reference to § 48-125(1). See *Ponseigo v. Mary W., supra.*

To repeat, § 48-125 provides in part as follows:

> (1) Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death, except that fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the compensation court. Such payments shall be sent directly to the person entitled to compensation or his or her designated representative.

As an initial matter, we note that the phrase "[s]uch payments" contained in the second sentence of the above-quoted material refers to all "amounts of compensation" provided for in the first sentence of § 48-125(1). Thus, under the language of § 48-125(1), we hold compensation "sent" within 30 days is not delinquent. Because § 48-125(1) is the specific statute controlling the determination of the delinquency of payments, the lower courts' reliance on the general statute, § 48-101, was error as a matter of law. See *Ponseigo v. Mary W., supra.*

Applying § 48-125(1) to the facts of the instant case, the record affirmatively demonstrates that the award was entered on August 28, 2002, and that the envelope containing the payment at issue was postmarked September 26. Based upon this affirmative showing, the payment at issue was not "sent" after 30 days from the date of the award and therefore was not delinquent

within the meaning of § 48-125(1). Because the payment at issue in this case was sent with sufficient postage by mail and properly addressed, and the record affirmatively demonstrates the controlling dates, we are not required to nor do we comment on other modes of transmittal of payment or the adequacy of associated proof. Based on the foregoing, the trial court erred when it determined that appellants' payment was delinquent and ordered appellants to pay appellee an additional amount of $19,539.79 as a waiting-time penalty, together with an attorney fee of $250. Affirmance thereof and the award of an additional attorney fee by the review panel were error.

## CONCLUSION

The evidence in this record affirmatively demonstrates that the payment at issue in this case was not sent after 30 days from the date of the award and the payment is, therefore, not delinquent under § 48-125(1). For the reasons stated above, we reverse the order of the review panel which affirmed the trial court's award of a waiting-time penalty and attorney fee and awarded an additional attorney fee on appeal. We remand the cause to the review panel with directions to reverse the trial court's assessment of a waiting-time penalty and attorney fee against appellants, and we further reverse the award of the attorney fee before the review panel.

REVERSED AND REMANDED WITH DIRECTIONS.