IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

ESTATE OF ELOX V. PAUL JOHNSON & SONS CATTLE CO.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

ESTATE OF RUFINO CORTES ELOX, DECEASED, BY ALETA S. ALLEN,
PERSONAL REPRESENTATIVE, APPELLANT,
V.
PAUL JOHNSON & SONS CATTLE CO., A NEBRASKA CORPORATION, APPELLEE.

Filed June 10, 2014.    No. A-13-962.

Appeal from the Workers' Compensation Court: J. MICHAEL FITZGERALD, Judge. Affirmed.

Larry R. Demerath, of Demerath Law Office, for appellant.

Daniel M. Placzek and Timothy G. Hruza, of Leininger, Smith, Johnson, Baack, Placzek & Allen, for appellee.

INBODY, Chief Judge, and IRWIN and BISHOP, Judges.

IRWIN, Judge.

## I. INTRODUCTION

The estate of Rufino Cortes Elox appeals the decision of the Nebraska Workers' Compensation Court which denied its motion for the assessment of waiting-time penalties against Paul Johnson & Sons Cattle Co. (Paul Johnson & Sons) pursuant to Neb. Rev. Stat. § 48-125 (Cum. Supp. 2012) and which denied its request that Paul Johnson & Sons be required to provide "reasonable security" to ensure future payment of benefits. Upon our review, we affirm the decision of the workers' compensation court in its entirety.

## II. BACKGROUND

The parties do not dispute the material facts in the case. On May 19, 2007, Elox died in an accident arising out of and in the course of his employment with Paul Johnson & Sons. On May 18, 2009, the personal representative of Elox's estate, Aleta S. Allen, filed a petition in the

Workers' Compensation Court to recover death benefits for Elox's mother, who is a citizen of Mexico. On April 18, 2013, the trial court entered an award which required Paul Johnson & Sons to pay Elox's mother "$60.44 per week beginning May 20, 2007, through the date of trial and for so long in the future as [his mother] shall live." Paul Johnson & Sons did not appeal the award.

On May 10, 2013, Paul Johnson & Sons issued a check in the amount of $18,917.72 payable to Allen, as personal representative of the estate, and the estate's two Nebraska attorneys. Three days later, on May 13, counsel for Paul Johnson & Sons authored a letter addressed to the estate's local attorneys, enclosed the May 10 check with the letter, and apparently mailed both documents to one of the attorneys. The letter explained that the check was "issued in payment of benefits at the rate of $60.44 per week beginning May 20, 2007 through May 18, 2013." The estate's attorney received the letter and the check on May 16, 2013.

On September 23, 2013, the estate filed an amended motion to specifically direct weekly benefit payments. As a part of this motion, the estate alleged that because the May 13, 2013, check was made payable to the personal representative and the estate's two local attorneys, actual delivery of the funds to Elox's mother in Mexico was delayed "well beyond the 30 day limit" established by § 48-125. As a result of this delay, the estate requested that it be awarded waiting-time penalties and attorney fees.

The amended motion also alleged that Paul Johnson & Sons "recently experienced a severe financial reversal of fortunes" as a result of a federal court judgment entered against them. The estate requested that Paul Johnson & Sons "be require[d] to provide reasonable security" in order to ensure future weekly payments to Elox's mother.

Following a hearing, the trial court denied the estate's request for penalties and attorney fees and its request for reasonable security to ensure future payments. The court found that the May 10, 2013, check issued by Paul Johnson & Sons was received by one of the estate's attorneys within 30 days of the April 18 award and that, as such, no penalties or attorney fees were due to the estate. The court also found, "There is no authority in the statute[s] which allows a judge of the Nebraska Workers' Compensation Court to require an employer to post a bond for payment of future benefits due under the award."

The estate appeals from the trial court's decision here.

## III. ASSIGNMENTS OF ERROR

The estate assigns and argues that the trial court erred in (1) finding that Paul Johnson & Sons complied with the requirements of § 48-125 and did not owe a waiting-time penalty and (2) failing to require Paul Johnson & Sons to post a reasonable security to ensure future payments.

## IV. ANALYSIS

### 1. STANDARD OF REVIEW

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

*Rader v. Speer Auto*, 287 Neb. 116, 841 N.W.2d 383 (2013). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, an appellate court reviews the trial judge's findings of fact, which will not be disturbed unless clearly wrong. *Id*. Statutory interpretation presents a question of law. *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004). Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions. *Rader v. Speer Auto, supra*.

## 2. COMPLIANCE WITH § 48-125

The estate first asserts that the trial court erred in concluding that Paul Johnson & Sons fully complied with the requirements of § 48-125(1) when it sent the first payment owed to Elox's mother to one of the estate's local attorneys within 30 days of the award, but made the check payable to three different individuals: Allen, as personal representative of the estate, and two of the estate's attorneys of record. Specifically, the estate argues that Paul Johnson & Sons

> knowingly violated the terms and conditions of . . . § 48-125 . . . by failing to timely deliver benefit payments "directly to the person entitled to compensation or his or her designated representative" and/or caused "intervening" stumbling blocks to be placed in the delivery process of the compensation payments to the intended party -- [Elox's] mother.

Brief for appellant at 6. The estate also argues that because Paul Johnson & Sons violated the requirements of § 48-125 that it is entitled to waiting-time penalties. The estate's arguments are without merit.

Section 48-125 provides:

> (1)(a) Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death. Such payments shall be sent directly to the person entitled to compensation or his or her designated representative except as otherwise provided in section 48-149.
>
> (b) Fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the Nebraska Workers' Compensation Court . . . .

In this case, the award ordering Paul Johnson & Sons to pay Elox's mother $60.44 per week beginning May 20, 2007, and for the rest of his mother's life, was entered on April 18, 2013. Twenty-two days after the entry of the award, on May 10, Paul Johnson & Sons issued a check for its first payment of benefits under the award. This check was made payable to Allen, as personal representative of the estate, and to the estate's two local attorneys. Twenty-five days after the entry of the award, on May 13, counsel for Paul Johnson & Sons mailed the check to one of the estate's local attorneys. And, 28 days after the entry of the award, on May 16, counsel for the estate received the check.

Based on these facts, there can be no dispute that Paul Johnson & Sons sent the check for the initial benefits payment within 30 days of the entry of the award pursuant to § 48-125(1)(b). In fact, there is no dispute that counsel for the estate actually received the check within the 30-day time period. We note that, contrary to the estate's argument, there is no statutory

requirement that the beneficiary of the payments actually receives the funds within the 30-day time period. See *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004). The statute merely requires that the funds be sent to the beneficiary or his designated representative within the time period. *Id.*

Because Paul Johnson & Sons sent the check within 30 days, the only question concerning its compliance with the requirements of § 48-125 is whether the check was sent directly to the person entitled to compensation or his or her designated representative pursuant to § 48-125(1)(a).

The Nebraska Supreme Court has previously indicated that an injured employee's attorney is a designated representative for the person entitled to compensation pursuant to the language of § 48-125(1). See *Brown v. Harbor Fin. Mortgage Corp., supra.* In that case, the Supreme Court held that a benefits payment was not delinquent where the payment was sent to the employee's attorney within 30 days of the entry of the award. In contrast, this court recently held that an employer's attorney is not an appropriate designated representative for the person entitled to compensation pursuant to the language of § 48-125(1). See *Harris v. Iowa Tanklines*, 20 Neb. App. 513, 825 N.W.2d 457 (2013). There, we found that a benefits payment was delinquent where the payment was sent to the employer's attorney within 30 days of the entry of the award, but was not forwarded to the employee's attorney until the 31st day after the award. *Id.*

The facts of this case are somewhat different than those in both *Brown v. Harbor Fin. Mortgage Corp., supra*, and *Harris v. Iowa Tanklines, supra*. Here, the benefits check was sent not to the employee's attorney or to the employer's attorney. Instead, because the employee was deceased, the check was sent to one of the attorneys for the employee's estate. In addition, in this case, the check was not meant for the benefit of the employee, but for the benefit of the employee's mother.

In order to decide whether the May 10, 2013, check was timely sent, we must determine if a benefits payment for a deceased employee's mother was sent directly to the person entitled to compensation or his or her designated representative when it was mailed to an attorney for the estate of the deceased employee.

However, before we answer this question, we must first highlight that at the hearing before the trial court, the estate specifically requested that all future benefits checks be made payable to and mailed directly to an attorney for the estate who resided in Texas. Essentially, then, the estate has conceded that an attorney for the estate is an appropriate designated representative pursuant to § 48-125(1)(a).

Moreover, the Nebraska Workers' Compensation Act specifically provides that when an employee and/or his dependents are citizens of another country, the other country's consul general, consul, vice consul general, or vice consul shall be regarded as the dependents' sole legal representative. See Neb. Rev. Stat. § 48-122(5) (Cum. Supp. 2012). In its initial petition, the estate specifically stated that the case was instituted by the personal representative of the estate and her attorneys "at the direction and with the permission of the Mexican Consulate of the State of Nebraska." Such information would seem to indicate that the personal representative of the estate and the estate's attorneys are the type of "designated representative" contemplated by the language of § 48-125(1)(a).

- 4 -

Based on the facts of this case, including the fact that the estate specifically requested that the benefits payments be sent to an attorney for the estate, we conclude that when Paul Johnson & Sons made the benefits check for Elox's mother payable to the personal representative of the estate and two local attorneys for the estate and sent that check to one of those attorneys, that it sent the payment to an appropriate designated representative pursuant to § 48-125(1)(a).

Because Paul Johnson & Sons sent the benefits check to a designated representative within 30 days of the entry of the award, we conclude that it fully complied with the requirements of § 48-125(1). As such, the estate is not entitled to waiting-time penalties. The trial court did not err in denying the estate's motion.

### 3. SECURITY FOR FUTURE PAYMENTS

At the hearing, the estate asked the trial court to order Paul Johnson & Sons to post some type of security to ensure that it continued to pay the benefits due to Elox's mother. The court denied this request. In its order, the trial court specifically found, "There is no authority in the statute[s] which allows a judge of the Nebraska Workers' Compensation Court to require an employer to post a bond for payment of future benefits due under the award." On appeal, the estate asserts that the trial court erred in denying its request. This assertion is without merit.

In its brief on appeal, the estate points to Neb. Rev. Stat. § 48-145 (Reissue 2010) as the authority which would grant the Workers' Compensation Court the ability to order an employer to post a bond or security to ensure future benefits payments under a previously entered award. Section 48-145 discusses the requirement that all employers must have some type of liability insurance for workers' compensation claims. The statute permits an employer to self-insure its workers' compensation liability in certain circumstances. However, when an employer is permitted to self-insure, § 48-145 indicates, in part, "The compensation court may by rule and regulation require the deposit of an acceptable security, indemnity, trust, or bond to secure the payment of compensation liabilities as they are incurred."

There is some indication in the record that Paul Johnson & Sons did not have insurance for its workers' compensation liability prior to Elox's fatal accident. Nevertheless, there is no evidence that the company had the Workers' Compensation Court's permission to be self-insured, nor is there any indication that as a part of being self-insured, the company had been ordered to post any sort of security to ensure benefits payments to injured employees or their dependents. The estate appears to assert that § 48-145 requires any employer who does not possess an insurance policy for its workers' compensation liability, like Paul Johnson & Sons, to post security for a subsequently entered award in favor of an injured or deceased employee. However, as we stated above, the plain language of § 48-145 permits the Workers' Compensation Court to require the payment of a security only when an employer has been explicitly permitted to self-insure its workers' compensation liability. Because there is no evidence which would suggest that Paul Johnson & Sons was self-insured pursuant to § 48-145, the provision of § 48-145 relied on by the estate as authority for the award of a security in this situation simply does not apply.

As a statutorily created court, the Workers' Compensation Court is a tribunal of limited and special jurisdiction and has only such authority as has been conferred on it by statute. See *Cruz-Morales v. Swift Beef Co.*, 275 Neb. 407, 746 N.W.2d 698 (2008). Upon our review, we

have found no statutory provision which would grant the Workers' Compensation Court the authority to order an uninsured employer to post a security to ensure future payments under the award. The estate has not pointed us to any statute, besides § 48-145, which may provide such authority. Accordingly, we conclude that the trial court did not err in denying the estate's request for a security or in concluding that there is no authority for such an order in the workers' compensation statutes.

## V. CONCLUSION

For the reasons stated above, we affirm the order of the Workers' Compensation Court in all respects.

AFFIRMED.