IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


RICE V. SYKES ENTERPRISES


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


REJENA A. RICE, APPELLANT,

V.

SYKES ENTERPRISES, INC., AND ITS INSURER, THE HARTFORD, APPELLEES.


Filed March 27, 2018.    No. A-17-496.


Appeal from the Workers' Compensation Court: DANIEL R. FRIDRICH, Judge. Affirmed.

Samuel W. Segrist and William J. Erickson for appellant.

Jessica R. Voelker, of Law Offices of Steven G. Piland, for appellees.


PIRTLE, BISHOP, and ARTERBURN, Judges.

ARTERBURN, Judge.

### INTRODUCTION

Rejena R. Rice appeals the decision of the Nebraska Workers' Compensation Court which denied her motion for the assessment of waiting-time penalties and attorney fees against Sykes Enterprises, Inc., and its insurer, The Hartford, (collectively referred to as Sykes Enterprises) pursuant to Neb. Rev. Stat. § 48-125 (Cum. Supp. 2016). Upon our review, we affirm the decision of the workers' compensation court.

### BACKGROUND

The parties do not dispute the material facts in the case. Rice and Sykes Enterprises entered into a settlement agreement regarding a workers' compensation claim filed by Rice against Sykes Enterprises as a result of a work-related accident. As a part of this settlement agreement, Sykes Enterprises agreed to pay to Rice one payment of $15,000 and a second payment of $93,375.92. After reaching the agreement, Rice and Sykes Enterprises applied to the workers' compensation

- 1 -

court for approval of the settlement agreement. The compensation court's subsequent order approving the settlement agreement is not included in our record. However, the parties agree that this order was entered on January 26, 2016.

On March 8, 2017, Rice filed a motion for waiting time penalties, attorney fees, and interest. In the motion, Rice alleged that she did not receive the final settlement payment within 30 days of the compensation court's January 26, 2016, order approving the settlement agreement and that, therefore, she was entitled to waiting-time penalties and attorney fees pursuant to § 48-125(1).

A hearing was held on Rice's motion on March 23, 2017. At the hearing, evidence was presented that Sykes Enterprises sent Rice the first installment of the settlement payment totaling $15,000 in December 2015, prior to the compensation court issuing its approval of the settlement agreement. The check was issued on December 21, 2015, and was made payable to Rice and her counsel. The face of the check included the address of Rice's counsel, P.O. Box 83104 in Lincoln, Nebraska. Rice does not dispute that this check was received at her counsel's office.

Evidence was also presented about the second installment of the settlement payment. Sykes Enterprises issued a check for $93,375.92 on February 3, 2016, approximately one week after the compensation court issued its order approving the settlement agreement. The check was addressed to Rice's counsel at P.O. Box 83104 in Lincoln, Nebraska, just like the previous check, and was mailed to that address on February 4. However, the check was subsequently returned to Sykes Enterprises on February 22 with notations on the envelope that Rice's counsel was "UNKNOWN AT THIS PO BOX NAME IS NOT ON BOX APPLICATION" and was "not at this address." After receiving the check back, Sykes Enterprises mailed the $93,375.92 check for a second time on February 27, more than 30 days after the compensation court issued its order approving of the settlement agreement. This time the check was mailed to Rice's counsel at P.O. Box 85145 in Lincoln, Nebraska. Rice did receive the check after it was mailed the second time.

At the hearing, Rice argued that she was entitled to waiting time penalties and attorney fees pursuant to § 48-125(1) because the $93,375.92 check was ultimately mailed more than 30 days after the compensation court entered its order approving the settlement agreement. Rice asserted that Sykes Enterprises' initial mailing of the $93,375.92 check on February 4, 2016, did not satisfy the requirements of § 48-125 because it was not mailed to her counsel's correct address. In support of her argument, Rice submitted into evidence copies of correspondence between her counsel and representatives of the Hartford and Sykes Enterprises from September, October, November, and December 2015. All of this correspondence reflects Rice's counsel's address as P.O. Box 85145 in Lincoln, Nebraska. In addition, counsel's address is listed in the Nebraska Bar Association directory as including P.O. Box 85145, not P.O. Box 83104. At the hearing, counsel informed the court that the address the $93,375.92 check was initially sent to, P.O. Box 83104, was an old address of his which was no longer in use.

After the hearing, the compensation court entered an order denying Rice's request for penalties and attorney fees. In the order, the court stated:

> While [Sykes Enterprises] corresponded with [Rice's counsel] at P.O. Box 85145 in the latter months of 2015, they also successfully sent the $15,000 settlement advance to [Rice's counsel] at P.O. Box 83104 on or about December 21, 2015. For all [Sykes Enterprises]

knew, P.O. Box 83104 was still a good P.O. Box for [Rice's counsel] to receive correspondence and checks. There is no evidence in the record showing that [Rice's counsel] advised or told [Sykes Enterprises] that P.O. Box 83104 was not a good or correct address. The Court finds that when [Sykes Enterprises] sent the $93,375.92 check to P.O. Box 83104 on or about February 4, 2016, they sent [Rice] the benefits to which she was entitled. . . . The Court finds [Sykes Enterprises] timely paid [Rice] on or about February 4, 2016 as required by Neb. Rev. Stat. § 48-125 by mailing and sending the check of $93,375.92 to P.O. Box 83104.

Rice appeals from the compensation court's order.

## ASSIGNMENTS OF ERROR

On appeal, Rice assigns two errors which both generally assert that the compensation court erred in finding that Sykes Enterprises complied with the requirements of § 48-125 and did not owe a waiting time penalty or attorney fees.

## STANDARD OF REVIEW

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Rader v. Speer Auto*, 287 Neb. 116, 841 N.W.2d 383 (2013). In determining whether to affirm, modify, reverse, or set aside a judgment of the Workers' Compensation Court, an appellate court reviews the trial judge's findings of fact, which will not be disturbed unless clearly wrong. *Id*. Statutory interpretation presents a question of law. *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004). Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions. *Rader v. Speer Auto, supra*.

## ANALYSIS

The question we must address in this appeal is whether Sykes Enterprises complied with the terms of § 48-125 requiring payments be sent within 30 days of an order approving a settlement agreement when it initially sent payment in full within 30 days of the January 26, 2016, order, but sent the payment to an outdated address of Rice's counsel, and then did not resend the payment to the correct address until more than 30 days after the order was entered.

Section 48-125 provides:

(1)(a) Except as hereinafter provided, all amounts of compensation payable under the Nebraska Workers' Compensation Act shall be payable periodically in accordance with the methods of payment of wages of the employee at the time of the injury or death. Such payments shall be sent directly to the person entitled to compensation or his or her designated representative except as otherwise provided in section 48-149.

(b) Fifty percent shall be added for waiting time for all delinquent payments after thirty days' notice has been given of disability or after thirty days from the entry of a final order, award, or judgment of the Nebraska Workers' Compensation Court . . . .

In *Hollandsworth v. Nebraska Partners*, 260 Neb. 756, 619 N.W.2d 579 (2000), the Nebraska Supreme Court held that § 48-125 is applicable to orders approving lump-sum settlements.

In this case, the order approving the parties' settlement agreement was entered on January 26, 2016. Approximately 1 week later, on February 4, Sykes Enterprises mailed a check which constituted payment in full to Rice's counsel. There is no dispute that counsel was Rice's designated representative pursuant to the language of § 48-125(1). See *Brown v. Harbor Fin. Mortgage Corp.*, 267 Neb. 218, 673 N.W.2d 35 (2004) (finding that an injured employee's attorney is a designated representative pursuant to the language of § 48-125(1)). However, the address for Rice's counsel which was utilized by Sykes Enterprises when it mailed the check on February 4 was incorrect or outdated because the check was subsequently returned to Sykes Enterprises as undeliverable.

Despite the check being returned as undeliverable at P.O. Box 83104, there was evidence presented to suggest that this address had been previously successfully utilized by Sykes Enterprises as recently as December 2015 when it sent the first installment of the settlement agreement to Rice's counsel. The face of the December 2015 check identified counsel's address as P.O. Box 83104 in Lincoln, Nebraska. And, while Rice argues on appeal that there is no specific evidence demonstrating that the December 2015 check was mailed to that address, we find, as did the compensation court, that the evidence does, in fact, suggest that the December 2015 check was mailed to P.O. Box 83104. There is simply no indication in our record that the December 2015 was not mailed in the same fashion as the February 2016 check. Rice's counsel does not dispute that he received the December 2015 check.

Accordingly, we find that Sykes Enterprises complied with the requirements of § 48-125(1) when it mailed the $93,375.92 check to Rice's counsel on February 4, 2016. The check was mailed well within 30 days of the compensation court's issuing of its order approving the settlement agreement. The check was addressed to a proper designated representative of Rice. We conclude that the inclusion of an incorrect or outdated address on the check was, at most, a clerical error. Given the evidence presented, however, it appears reasonable for Sykes Enterprises to have relied on the address of P.O. Box 83104 as being valid, because the address had been successfully utilized in the recent past. No one informed Sykes Enterprises that the address was no longer valid.

Because we find that Sykes Enterprises complied with the requirements of § 48-125(1) when it mailed the $93,375.92 check to Rice's counsel on February 4, 2016, the timing of Sykes Enterprises' mailing of the check a second time on February 27 does not subject it to paying a waiting time penalty or attorney fees. We recognize that February 27 is more than 30 days after the entry of the order on January 26. However, there is no indication that Sykes Enterprises deliberately wasted time in re-issuing or re-mailing the check. Instead, the evidence suggests that Sykes Enterprises made diligent efforts to promptly send the check to Rice and her counsel, doing so within five days of receiving the returned check.

CONCLUSION

For the reasons stated above, we affirm the order of the compensation court in all respects.

AFFIRMED.